IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF WAGNER,

                Plaintiff,

v.

JOHN IFEDIORA,

                Defendant.

OPINION and ORDER

23-cv-511-jdp

---

In response to my order, plaintiff Jeff Wagner has filed a second amended complaint in which he brings a Wisconsin-law conversion claim against defendant John Ifediora. Wagner proceeds without counsel, but he is an attorney admitted to practice in Michigan.

Because Wagner proceeds without prepaying the filing fee, I must screen the second amended complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Wagner's allegations as true and construe them generously. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I may also consider documents that the second amended complaint incorporates by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I need not accept the second amended complaint's allegations as true if incorporated documents directly contradict them. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Wagner and Ifediora were defendants in a previous case in this court. *See Aboloma v. U.S. Foods & Pharm., LLC et al.*, 19-cv-418-jdp. In that case, Osita Aboloma, a Nigerian citizen, alleged that he was seeking permanent resident status in the United States through the EB-5 program, which offers visas for immigrants who invest in new commercial enterprises that

create at least ten new jobs. Dkt. 48 in the '418 case, at 2. Aboloma alleged that defendants conspired to defraud him of a $550,000 investment that he made in connection with his visa application, which he contended violated federal and state law. *Id.* at 1. Aboloma settled that case with all defendants. Wagner then sued Ifediora in the Eastern District of Michigan based on similar allegations, but that case was dismissed for lack of personal jurisdiction.

In this case, Wagner brings a conversion claim and seeks damages of more than $75,000. But it's clear that the conversion claim is time-barred, so I will dismiss this case with prejudice.

## FACTUAL ALLEGATIONS

In 2011, Wagner obtained approval from U.S. Citizenship and Immigration Services (USCIS) to operate the Detroit Immigrant Investor Regional Center. The Regional Center's focus was offering EB-5-compliant opportunities to make capital investments into new commercial enterprises. In June 2014, Wagner created an offering for United Foods and Pharmaceuticals, a Wisconsin corporation, to solicit EB-5 investors for a project to relocate part of its business to Detroit. Ifediora proposed to United Foods CEO Rajan Vembu that they locate Nigerian investors seeking United States citizenship through the EB-5 program. Ifediora, a former attorney, identified Aboloma as an investor, falsely stating that he was licensed in Wisconsin and would be Aboloma's attorney. Wagner began preparing Aboloma's visa application. Wagner's fees were $57,000 and included filing, paperwork, and regional center fees.

In October 2014, Aboloma and United Foods agreed that Aboloma would become an investor in United Foods. Dkt. 4-5 at 1–5. The subscription agreement states that the full investment was $500,000, plus a processing fee of $57,000. *Id.* at 3.

Ifediora had Aboloma write two checks: one for $500,000 to United Foods and one for $50,000, which Aboloma left blank. Ifediora stated that he would pay the other $7,000 to Wagner. Ifediora wrote the $50,000 to himself and deposited it in his personal account. Ifediora deposited the check no later than November 2014. *See* Dkt. 4-11 at 17–18.

Around that time, Ifediora demanded that Vembu write him a check for $200,000, which Ifediora said he would escrow. Ifediora promised to use the $200,000 to market the project to other investors, but he used it to market his own trade show. Ifediora concealed his misuse of the $200,000 from Aboloma, United Foods, and Wagner.

After Wagner completed the documents for Aboloma's visa application, Ifediora told him that he forgot to tell Aboloma about Wagner's fees. Ifediora promised Wagner to "immediately bring three more investors into" the Regional Center, "who would be informed of the fees," and who would pay Wagner. Those investors didn't materialize. Wagner doesn't specify when these communications occurred, but the structure of the second amended complaint and documents it incorporates suggest that they occurred in late 2014. *Cf.* Dkt. 4-6 at 4 (stating that Aboloma's visa application was filed in late December 2014). Ifediora never paid Wagner any of the $57,000. USCIS terminated its participation with the Regional Center on September 9, 2016. Dkt. 4-11 at 11–12.

Wagner states that he learned of the factual basis for his conversion claim when, on August 19, 2019, Ifediora counterclaimed in the '418 case. Dkt. 28 in the '418 case, at 7. Ifediora's law license was revoked in 2023 based on conduct underlying this case and

3

Aboloma's federal lawsuit. Wagner states that the Office of Lawyer Regulation's report, issued in June 2023, made him aware of other activity supporting his claim. Dkt. 4-11.

ANALYSIS

The statute of limitations is ordinarily an affirmative defense, but a district court, on its own initiative, may dismiss a claim that is clearly time-barred. *Robinson v. Sommers*, No. 23-cv-640-jdp, 2023 WL 6927286, at *1 (W.D. Wis. Oct. 19, 2023). "When its jurisdiction is based on diversity of citizenship, a federal court is obliged to apply the statute of limitations of the state in which it sits." *Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir. 1995).

In Wisconsin, a six-year statute limitations period applies to conversion claims. *See* Wis. Stat. Ann. §§ 893.35, § 893.51(1). A conversion claim accrues when the conversion occurs. *See id.*; *Mueller v. TL90108, LLC*, 2020 WI 7, ¶ 15. The limitations period is a statute of repose, which means that a conversion action "must be commenced within [six years] after the defendant's action which allegedly led to injury, regardless of whether the plaintiff has discovered the injury or wrongdoing." *See Mueller*, 2020 WI 7, ¶ 15.

Wagner doesn't expressly allege when Ifediora deposited the $50,000 check in his personal account, but a document incorporated into the complaint indicates that the deposit occurred no later than November 2014. *See* Dkt. 4-11 at 17–18. I will assume for purposes of this opinion that the deposit occurred on December 1, 2014. That means that Wagner had to bring his conversion claim by December 1, 2020. But Wagner brought this case nearly two years and eight months after that date. Wagner's conversion claim is clearly untimely.

Wagner alleges that he didn't discover the factual basis of his conversion claim until August 2019, when Ifediora counterclaimed in the '418 case. But Wagner cannot avoid the

4

six-year statute of repose simply by alleging that he discovered his conversion claim after the conversion occurred.

Wagner doesn't expressly request equitable tolling, but his allegations suggest this defense. Wagner expressly requested equitable tolling in his amended complaint, and the allegations in the second amended complaint are materially identical. I will assume for purposes of this opinion that the statute of repose for conversion claims is subject to equitable tolling.

In Wisconsin, "equitable estoppel is based upon the fraudulent or other wrongful conduct on the part of the party asserting the statute of limitations and upon the detrimental reliance on such fraudulent or wrongful conduct by the aggrieved party." *Hester v. Williams*, 117 Wis. 2d 634, 644 (1984). Courts must ask "whether the conduct and representations of [the defendant] were so unfair and misleading as to outbalance the public's interest in setting a limitation on bringing actions." *Id.* at 645. Furthermore, while case law on Wisconsin equitable tolling is sparse, I have held that it is available only when the failure to meet a filing deadline is out of the party's control or occurred despite the party's due diligence. *Coleman v. Messman*, No. 13-cv-566-jdp, 2014 WL 4678264, at *3 (W.D. Wis. Sept. 18, 2014).

Wagner hasn't alleged a plausible basis to equitably toll the statute of repose. Wagner alleges that he didn't learn of the conversion until August 2019 due to Ifediora's misconduct. But Wagner's allegations indicate that he knew about, or should have known about, the misconduct much earlier. Wagner alleges that, after he completed the documents for Aboloma's visa application, Ifediora told him that he forgot to tell Aboloma about Wagner's fees. Ifediora then allegedly promised Wagner to "immediately bring three more investors into" the Regional Center and pay him. Those communications likely took place in late 2014. But those investors didn't materialize, and Ifediora never paid Wagner. Furthermore, USCIS terminated its

5

participation with the Regional Center on September 9, 2016. Wagner couldn't have completed any work for Ifediora after then. No later than that time, it should have been obvious to Wagner that Ifediora didn't plan to pay him and might have misused money intended for him. But Wagner took no action for years. It's clear that Ifediora's alleged concealment of the conversion claim didn't stop Wagner from timely bringing this action.

Wagner seems to request equitable tolling from the time that he filed his lawsuit in the Eastern District of Michigan until that court dismissed it for lack of personal jurisdiction. But I've already explained why this contention doesn't warrant equitable tolling. Dkt. 5 at 8.

CONCLUSION

Wagner's conversion claim is clearly time-barred, and there's no indication that he could overcome the procedural bar through further amendment of the complaint. *See Bogie*, 705 F.3d at 608 (courts need not grant leave to amend "if it is clear that any amendment would be futile"). Wagner has filed three complaints in this case containing materially identical allegations, and he'd already litigated two cases arising out of the same subject matter when he brought this case. Furthermore, as an attorney, Wagner has higher litigation capabilities than an ordinary litigant proceeding without counsel. *Cole v. Comm'r*, 637 F.3d 767, 773 (7th Cir. 2011) (litigants without counsel "who are attorneys are not entitled to the flexible treatment granted other" litigants without counsel). I will dismiss the second amended complaint with prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Jeff Wagner's second amended complaint, Dkt. 6, is DISMISSED with prejudice as untimely.

2. The clerk of court is directed to enter judgment.

Entered June 3, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge